

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,651-01

### EX PARTE JESSE SALAZAR, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 14-0930-CR-B-A IN THE 25TH DISTRICT COURT FROM GUADALUPE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to one count of unlawful possession of a firearm by a felon, and one count of deadly conduct. He was sentence by the trial court to ten years' imprisonment for the unlawful possession of a firearm count, and one year county jail for the deadly conduct count, to be served concurrently.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to notify him of his appellate rights, failed to timely file a notice of appeal, and failed to file a motion to withdraw from the representation or otherwise put the trial court on notice that Applicant wanted

to appeal. Applicant alleges that he told trial counsel that he wanted to appeal and that he wrote trial counsel several letters to inquire about the costs and procedures for appealing, but that he never received any response.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a copy of the trial court's certification of defendant's right of appeal in this case. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal or advise Applicant of his rights in the appellate process. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 26, 2017
Do not publish